UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SHANNON GARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-441-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| EVERETT JONES, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Shannon Garland, an inmate confined at the Northpoint Training Center ("NTC") in Burgin, Kentucky, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] The Court granted his motion to proceed *in forma pauperis* by a prior Order. [Record No. 5] The Court now reviews the Complaint prior to service of process and will dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). And at this stage of the proceedings, the Court accepts all non-conclusory factual allegations in the Complaint as true and liberally construes legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Garland's allegations are not entirely clear, but a better understanding of what transpired can be gained from a review of the inmate grievances filed and attached to the Complaint. [Record No. 1-1] In the early morning hours of August 7, 2025, NTC officers Danny Jones and Kristen Grimes were transporting Garland from NTC to a medical

-1-

appointment in Lexington, Kentucky. [Record No. 1-1 at 1] An abrupt stop in traffic caused Officer Jones who was driving the transport to "rear-end" another vehicle. Grimes promptly called 911 and contacted a captain at NTC to inform him of the accident. *See id*. In her written report, Grimes stated that Garland told her that he was "okay and did not need medical treatment." Further, the driver of the other vehicle also reported no injury. *See id*.

Grimes noticed that Garland wasn't wearing a seat belt. [Record No. 1-1 at 1] While "Officer Jones [stated] he thinks he buckled [Garland] before leaving[,]" "Garland states he did not." *See id*. Emergency Medical Services ("EMS") at the scene assessed Garland for injuries. Grimes reported that Garland stated that he "did not want further medical assistance." The transport vehicle returned to NTC approximately an hour later. But "when inmate Garland was taken out of the vehicle he complained of back pain and had visible marks on this face." Garland was taken to NTC's medical department to be assessed. *See id*. Garland reported significant back pain later that afternoon and was taken to a hospital for evaluation. [Record No. 1 at 2]

Garland filed an inmate grievance regarding the accident four days later. He alleged that: (1) while driving, officer Jones was both texting and intoxicated; (2) officer Grimes was texting during the trip; (3) he was not placed in a seatbelt; (4) he was severely injured during the accident; and (5) Jones threatened to place him in segregation if he did not refuse medical care from EMS. [Record No. 1-1 at 4]

The grievance was denied upon initial review. The responding officer stated that an investigation indicated: (1) a CT scan performed by an outside hospital on the same day as the accident showed no injury to Garland; (2) a urinalysis performed on Jones produced negative results; and (3) no text messages were found on the cell phone of either officer during the

transport period.  *See id*.  NTC Warden Abigail Caudill and Kentucky Department of Corrections ("KDOC") Commissioner Cookie Crews denied Garland's appeals.  [Record No. 1-1 at 6, 11, 13]

Garland names as defendants in this action officers Jones and Grimes, as well as Warden Caudill and KDOC Commissioner Crews.  [Record No. 1 at 1-2] While Garland does not expressly state as much, his claims against Jones and Grimes appear to be based upon their alleged failure to secure him in a seatbelt during the trip and Jones's alleged reckless driving. As for Warden Caudill, Garland claims that she "failed to immediately send [him] to hospital after arriving back to facility."  [Record No. 1 at 2-3] Garland provides no explanation for any claim against Commissioner Crews.  He also asserts violation of the Fifth and Eighth Amendments to the United States Constitution.  *See id*. at 4.  Garland also complains that unspecified state law was violated by unidentified persons because his request for institutional policies regarding inmate transport was denied for security reasons.  *See id*.  Finally, Garland seeks to hold KDOC responsible for future medical expenses as well as monetary damages "due to all negligence of D.O.C. that caused [him] to endure unnecessary pain and suffering." [Record No. 1 at 8]

After thoroughly reviewing the Complaint and the supporting materials, the Court will direct that NTC officer Jones be served with process to respond to the allegations of the Complaint.  Generally, "cases have found no Eighth Amendment violations for simply failing to seatbelt inmates."  *Scott v. Becher*, 736 F. App'x 130, 134 (6th Cir. 2018) (citing *Jabbar v. Fischer*, 683 F.3d 54, 58–59 (2nd Cir. 2012)).  However, "allegations of reckless driving while transporting an inmate without a seatbelt" can support an Eighth Amendment claim.  *See id*. at 133 (*citing Brown v. Fortner*, 518 F.3d 552, 561 (8th Cir. 2008)).  In the present case,

Garland alleges that Jones was intoxicated and texting while driving, allegations which are clearly disputed but which the Court must accept as true at this juncture. Accordingly, and because the Court has granted Garland *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve Officer Jones[1] on the plaintiff's behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

However, the same cannot be said of Garland's allegations against the remaining defendants. Garland impliedly alleges only that Officer Grimes failed to ensure that he was wearing a seatbelt, an allegation of negligence and not the kind of culpable misconduct sufficient to establish an Eighth Amendment violation. *Cf. Groce v. Smith*, No. 3:15-CV-823, 2015 WL 4743818, at *2 (M.D. Tenn. Aug. 10, 2015) ("… transporting inmates without seatbelts alone does not amount to the deliberate indifference required to constitute cruel and unusual punishment.") (collecting cases); *Williams v. Prisoner Transportation Servs., LLC*, No. 3:19-CV-599, 2020 WL 7027506, at *10 (M.D. Tenn. Nov. 30, 2020) (same).

Garland claims that Warden Caudill did not immediately send him to the hospital upon his return to NTC. [Record No. 1 at 2-3] But Garland did not identify Caudill in his inmate grievance or make any complaint regarding her conduct. [Record No. 1-1 at 4, 6, 11, 13] KDOC policies regarding inmate grievances expressly required him to do so. *See* CPP 14.6(II)(J)(1)(a)(4) (May 7, 2025). And because he did not, Garland failed to exhaust his administrative remedies regarding this claim. "[A] plaintiff generally fails to exhaust administrative remedies by failing to include an official's name in a grievance if it is required

---

[1] Garland identifies "Everett" Jones as the officer driving the vehicle. [Record No. 1 at 1] Officer Grimes refers in her report to this officer as "Danny" Jones. [Record No. 1-1 at 1] Both indicate that his badge number is 563. *See id*. The issued summons will include both first names and the officer's badge number out of an abundance of caution.

by the applicable grievance procedures." *Pasha v. Payton*, No. 5:18-CV-595-DCR, 2020 WL 1970608, at *6 (E.D. Ky. Apr. 24, 2020) (*quoting Marshall v. Ohio Dep't of Rehab. & Corr.*, No. 2:14-CV-338, 2017 WL 1316942 at *8 (S.D. Ohio Apr. 10, 2017)). *See also Eaves v. Ballard*, No. 5:17-CV-111-KKC, 2018 WL 6613784, at *3 (E.D. Ky. Dec. 17, 2018) (same).

Garland makes no allegations against Commissioner Crews. In addition to evident pleading insufficiency, neither the denial of his inmate grievance appeal nor her supervisory authority are plausible bases upon which to ground liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021). In light of the foregoing, the Court will dismiss the claims against three defendants while directing service of process upon Officer Jones. Accordingly, it is hereby

**ORDERED** as follows:

1.      The claims against NTC Officer Kristen Grimes, NTC Warden Abigail Caudill, and KDOC Commissioner Cookie Crews are **DISMISSED** with prejudice. These defendants are **DISMISSED** as parties to this action.

2.      A Deputy Clerk is instructed to prepare a "Service Packet" for Defendant Officer Everett "Danny" Jones, Badge No. 563. The Service Packet should include:

        a. a completed summons form;
        b. the complaint [Record No. 1];
        c. this Opinion and Order; and
        d. a completed USM Form 285.

3.      The Deputy Clerk is instructed to deliver the Service Packet to the USMS in Lexington, Kentucky.

4.      The USMS is instructed to make arrangements with the appropriate officials at the Northpoint Training Center to personally serve Officer Everett "Danny" Jones, Badge No. 563 with a Service Packet at:

Northpoint Training Center
710 Walter Reed Road
Burgin, KY  40422

Dated: February 6, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky